### FARWELL *v.* HALLADAY.

BONA FIDE PURCHASER—RECORD—ERRONEOUS INDEX—NOTICE— EVIDENCE.

A purchaser of lands from one of his neighbors, whom he had long known, and who he knew owned no other land in the vicinity, will be held to have had notice of an incumbrance, where it appears that, before purchasing, he went with the vendor to the office of the register of deeds, where he found a mortgage by the vendor indexed as covering other lands in the same section, the record of which he refused to examine, but which in fact was a record of the mortgage on the land in question, and it further appears that, during the negotiations, this mortgage was referred to as being upon the lands covered by the deed.

Appeal from Emmet; Adams, J. ' Submitted April 5, 1899. Decided June 19, 1899.

Bill by Margaret Farwell against Harmon Halladay, Ella E. Halladay, and Fred L. Heller, to foreclose a mortgage. From a decree for complainant, defendant Heller appeals. Affirmed.

On May 23, 1882, the defendants Halladay, husband and wife, executed a mortgage to one Simon King, guar-

dian, for $200, on the N. W. ¼ of the S. W. ¼ of section 31, town 33 N., range 6 W., which was their homestead. The mortgage was recorded on the following day in the office of the register of deeds for Charlevoix county, volume 7, page 43. The mortgage and the note accompanying the same were afterwards duly assigned to complainant, who filed this bill to foreclose. The Halladays deeded this land to the defendant Heller on May 31, 1887, by warranty deed, which was duly recorded the same day. On the back of the mortgage was the usual certificate by the register of its recording. The mortgage, as written, erroneously described the property as the N. E. ¼ of the S. E. ¼ of the same section, town, and range. The mistake was discovered before execution, and the correct description written in. Heller claims to be a *bona fide* purchaser without notice, actual or constructive, of this mortgage. Evidently by mistake of the register, the mortgage was erroneously indexed as against the N. W. ¼ of the N. W. ¼ of the same section, town, and range. In October, 1887, the volume containing the record of this mortgage was destroyed by fire. Defendant Heller claims that he went with Halladay to the office of the register of deeds at the time of his purchase; that they gave the description of the land to the deputy register of deeds, and asked to have the title examined; that the deputy informed him that there was no mortgage upon the land. They did find, however, the index of a mortgage executed by Halladay and his wife to Mr. King, indexed as above stated. They declined to examine the record of this mortgage. The learned circuit judge filed a written opinion holding that the mortgage was duly recorded by the correct description, and that Heller had notice and knowledge of its existence at the time he purchased.

*H. R. Lovell*, for complainant.

*J. M. Harris*, for appellant.

GRANT, C. J. (*after stating the facts*). We think there is ample testimony to sustain the conclusion of the learned circuit judge. Mr. Halladay owned no other land in that section. Heller was his neighbor, and had been for many years. We think it is a fair deduction from the evidence that Heller knew of the existence of this mortgage. There was no record of any other undischarged mortgage given by the Halladays. Heller knew that they had given a mortgage. It is evident from the testimony of the witness Garbutt, the attorney for Halladay and Heller, who drew the deed and took the acknowledgment thereof, that this mortgage, was referred to, at the time the negotiations for the purchase were going on, as being upon the land covered by the deed.

Whether, under the circumstances of this case, the index of the mortgage, to which Heller's attention was called at the time, was sufficient to put him upon inquiry, we need not determine.

Decree affirmed.

MONTGOMERY, HOOKER, and MOORE, JJ., concurred. LONG, J., did not sit.